**No. 24-7126**

**September Term, 2024**

**1:18-cv-01943-DLF**

**Filed On:** July 16, 2025

James E. Pietrangelo, II,

        Appellant

        v.

Refresh Club, Inc., including in NYC and DC,
doing business as Wing and Wing DC, LLC,
doing business as Wing, also known as Wing
DC,

        Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Katsas, Rao, and Walker, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's July 12, 2024 order be affirmed. Appellant challenges only the district court's award of $1,000 in compensatory damages and $2,000 in punitive damages. The district court did not abuse its discretion in determining that an enhancement in compensatory damages was unwarranted in light of appellant's vague testimony, his failure to offer concrete evidence of harm to his mental or physical health or to his career aspirations, and the absence of aggravating factors. See United Mine Workers of Am., Int'l Union v. Moore, 717 A.2d 332, 339 (D.C. 1998) ("Our review of an award of compensatory damages is limited and highly deferential because the trial court has broad discretion to determine appropriate relief under the DCHRA." (internal quotation marks omitted)). Nor does the fact that other courts have awarded higher amounts in different circumstances demonstrate any error on the part of the district court here. See Peyton v. DiMario, 287 F.3d 1121, 1127 (D.C. Cir. 2002) (explaining that comparison of damages awards in past discrimination cases is generally not appropriate given the "unique circumstances of each case" (internal citation omitted)). Furthermore, appellant has not shown that

the district court abused its discretion by concluding that a punitive damages award of $2,000 was the amount necessary to punish and deter appellees' conduct. Finally, appellant's bare-bones, undeveloped constitutional arguments do not demonstrate any error by the district court. See Gov't of Manitoba v. Bernhardt, 923 F.3d 173, 179 (D.C. Cir. 2019) ("A party forfeits an argument by mentioning it only in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." (internal quotation marks omitted)).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**